IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.

**TIMOTHY D. EATON,**

       **Defendant.**

**Case No. 22-CR-30142-SPM**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    This matter comes before the court on a Motion to Dismiss the Indictment (Doc. 44) as violative of the Second Amendment by Defendant Timothy D. Eaton.

    Eaton previously pleaded guilty to felonies for possessing a stolen firearm, possessing a stolen vehicle, and possessing methamphetamine. (Doc. 34, p. 7). On December 13, 2022, a federal grand jury returned an Indictment charging Eaton with one count of Felon in Possession of a Firearm pursuant to Title 18, United States Code, Section 922(g)(1). (Doc. 2). Section 922(g)(1) provides in pertinent part that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm." 18 U.S.C. § 922(g)(1). Eaton pleaded guilty. (Doc. 29).

    On October 19, 2023, Eaton filed a motion to withdraw his guilty plea (Doc. 43) and the subject Motion (Doc. 44) that is now before this Court seeking to dismiss the Indictment. Eaton contends that § 922(g)(1) violates the rights guaranteed by the

Second Amendment of the United States Constitution (Doc. 44). Eaton argued that in light of the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Second Amendment's plain text covers the charge in his Indictment and the Government cannot meet its burden of proving that § 922(g)(1) is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms. (Doc. 27). On October 26, 2023, the Government filed a response opposing the Motion. (Doc. 32). On January 3, 2024, the Court held a hearing in which it granted the motion to withdraw the guilty plea and heard argument regarding the merits of the Motion. (Doc. 55).

Initially, the Court points out that while the landscape of cases with Second Amendment implications post-*Bruen* are changing almost daily in the different circuits and district courts, as of now in this Circuit, analysis of whether conduct is covered by the Second Amendment's plain text requires inquiry not only into firearm possession, but additionally the purpose of the defendant's possession. *See Bevis* v. *City of Naperville*, 85 F.4th 1175, 1194 (7th Cir. 2023) (plaintiffs bringing Second Amendment challenge to assault weapons ban "have the burden of showing that the weapons addressed in the pertinent legislation are Arms that ordinary people would keep at home for purposes of self-defense, not weapons that are exclusively or predominantly useful in military service, or weapons that are not possessed for lawful purposes."). In other words, when challenging an indictment on this issue, the defendant must show a lawful purpose or purposes for his firearm ownership. Eaton did not allege a lawful purpose in his briefing, nor during oral argument.

Furthermore, this Court recently issued an order on a similar § 922(g)(1) challenge that discussed the history and traditions standard. *See U.S. v. Ware*, 2023 WL 3568606, at *1 (S.D. Ill. May 19, 2023). While some of the laws mentioned in the Court's previous history and traditions analysis would certainly fail present-day constitutional scrutiny and may not be worthwhile to factor into any future analysis under *Bruen* in retrospect, the Court finds, as others have before it, that § 922(g)(1) is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms under the Second Amendment, such that it is not unconstitutional facially or as applied to Defendant. *See Bruen*, 597 U.S. at 19. Building on that analysis, Eaton has a criminal history including possession of methamphetamine, possession of a stolen vehicle, and possession of an illegal firearm. This type of evidence may be considered by the Court in determining whether a defendant demonstrates a risk of violence and this criminal record more than supports a finding of dangerousness. The Court also wishes to note that firearm-related felonies justify dispossession of firearms more so than other felonies. For these reasons, the Court finds that Eaton's Section 922(g)(1) charge in the Indictment is constitutional and his Motion to Dismiss the Indictment (Doc. 44) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 24, 2024**

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
**U.S. District Judge**